IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARNOLD ALCANTAR | * | |
| | * | |
| v. | * | Civil No. CCB-20-664 |
| | * | |
| COSTCO WHOLESALE CORPORATION | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Plaintiff Arnold Alcantar brought this suit against Costco Wholesale Corporation ("Costco"), alleging negligence. (ECF 1-2). Now pending is Costco's motion to dismiss. (ECF 2). The motion is fully briefed, and no hearing is necessary. For the reasons explained below, the motion will be granted, but the case will remain open for a period of 28 days to allow Alcantar to file a motion for leave to amend.

**BACKGROUND**

Alcantar's two-page complaint alleges as follows. On or about April 29, 2018, Alcantar was on Costco's property as a business invitee. (Compl. ¶ 1, ECF 1-2). While Alcantar and a Costco employee were loading a BBQ pit into Alcantar's vehicle, Alcantar "sustained an injury due to the negligence of Defendant's employee and Defendant." (*Id.* ¶ 2). As a result, Alcantar sustained a "serious, painful, and permanent injury about the head, neck, and body, and limbs" and "was rendered sick, sore, and disabled." (*Id.* ¶¶ 3–4). Alcantar seeks monetary damages as compensation for "hospital, medical, and other expenses," "physical and emotional pain and suffering," and the loss of "time from his gainful employment and usual avocations." (*Id.* ¶¶ 5–7).

Costco filed a motion to dismiss for failure to state a claim, arguing that Alcantar does not plead sufficient facts to sustain a cause of action. (Mot. at 2, ECF 2-1). Alcantar counters that

1

he has pled sufficient facts and, in the alternative, that he should be granted leave to amend the complaint. (Opp'n at 6, 8, ECF 12).

## STANDARD OF REVIEW

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted), "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

"A valid negligence claim . . . must allege: (1) that the defendant had a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the defendant's breach of duty proximately caused the loss or injury." *Pendleton v. State*, 398 Md. 447, 460 (2007). Alcantar falls well below this standard. Even if the court were to infer, based on Alcantar's conclusory assertion that he was a "business invitee," (*see* Compl. ¶ 1), that Costco owed him a duty of care, Alcantar pleads no facts alleging how the duty was breached. He merely states that he "sustained injury due to the negligence of Defendants' employee and Defendant" in loading a BBQ pit into Alcantar's car. (*Id.* ¶ 2). But Alcantar provides no factual support for the assertion that Costco or its employee acted negligently. "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Alcantar fails to state a claim for negligence.

Alcantar states in his Response that he should be permitted to amend the Complaint. Alcantar has not yet provided the court with a proposed amended pleading,[1] nor does he explain why he should be permitted to amend. But pursuant to Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of this liberal standard, the court will grant Alcantar 28 days to file a motion seeking leave to amend.

## CONCLUSION

For the foregoing reasons, Costco's motion to dismiss will be granted, but Alcantar will be permitted to file a motion for leave to amend. If no motion is filed within 28 days, the case will be closed. A separate order follows.

__ 5/27/20 __                                        _____/S/_____
Date                                                 Catherine C. Blake
                                                     United States District Judge

---

[1] "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion." *See* Local Rule 103.6 (D. Md.)