**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ARNOLD ALCANTAR,

v.                                             Civil Action No. CCB-20-664

COSTCO WHOLESALE CORPORATION.

---

**MEMORANDUM**

This negligence action arises from injuries sustained by Arnold Alcantar while attempting to load a newly purchased barbecue grill into his vehicle. Mr. Alcantar sued Costco Wholesale Corp. ("Costco") for negligence after a Costco employee allegedly failed to provide adequate assistance with lifting the grill, causing Mr. Alcantar to suffer serious injuries.

Pending before the court is Costco's motion for summary judgment. *See* Def. Mot. Summ. J., ECF 75. Mr. Alcantar opposed the motion, Pl. Opp'n, ECF 80, and Costco replied, Def. Reply, ECF 81. The motion is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the court will grant in part and deny in part Costco's motion for summary judgment.

**I.   BACKGROUND**

On April 29, 2018, Arnold and Patricia Alcantar visited the Costco in Frederick, Maryland. Mr. Alcantar Dep. 43:7–17, ECF 75-2. While shopping, Mr. Alcantar encountered a vendor selling Traeger grills at a discounted price. These grills are large metal behemoths used for outdoor cooking, and Mr. Alcantar was understandably hesitant about purchasing one given the weight and

1

bulkiness of the item. *Id.* at 47:17–21, 49:12–15, 50:12–16.[1] Specifically, Mr. Alcantar was concerned he could not load the grill by himself; his only company at the store was his wife Patricia, who was scooter-bound that day due to a recent knee operation. *Id.* at 44:7–8, 46:5–7, 50:16-18. Nevertheless, he was assured by the vendor that Costco would help with the loading process, and Mr. Alcantar even spoke to a Costco manager to confirm this before making the purchase. *Id.* at 46:8–9, 50:7–9, 57:22–58:9, 59:18–21.

As promised by the manager, Costco allows its employees to assist customers with loading heavy products. Brenneman Dep. 17:1–3, ECF 80-28. Costco trains its employees to exercise discretion when deciding whether to lift an item by themselves or whether they need help from another person. Brenneman Dep. 16:8–21, ECF 80-27. If an item is over 75 pounds, an employee is supposed to have a second person assist with lifting the item; however, that second person can be another employee or a customer. Douglasson Dep. 51:1–20, ECF 80-39.

When the time came to load the grill into their vehicle, the Alcantars were left waiting for assistance. After idling for quite some time, they became impatient. *See* Mr. Alcantar Dep. 62:9–15. Ms. Alcantar went inside the store and was told that several Costco employees were on the way to load the grill into the couple's vehicle. *Id.* at 63:2–7. The Alcantars were eventually approached by a single Costco employee[2] who insisted that he and Mr. Alcantar could load the heavy grill by themselves. *Id.* at 63:14–21. Despite Mr. Alcantar's apprehension about only having one other person to assist him with lifting the grill, the employee assured Mr. Alcantar that the two of them could handle it. *Id.* at 67:12–14. Mr. Alcantar said, "on the count of three let's do it." *Id.* at 67:13–14. Mr. Alcantar counted to three and lifted his end of the box, but the employee failed

---

[1] Mr. Alcantar contends the grill weighed at least 200 pounds. *See* Dr. Shepard Medical Evaluation at 1, ECF 80-3. Costco asserts the grill weighed 170 pounds. *See* Def. Mot. at 3 n.4.

[2] The employee's identity remains unknown to the parties.

to lift his end. *Id.* at 67:14–17. The unequal weight distribution caused Mr. Alcantar to hear his shoulder "pop." *Id.* Although the grill was successfully loaded into the couple's car, Mr. Alcantar began experiencing excruciating pain shortly after the incident. *Id.* at 70:6–10. As soon as the Alcantars got into their vehicle, Ms. Alcantar told Mr. Alcantar that she was certain he had just injured himself. *See* Ms. Alcantar Dep. 31:15–20, ECF 80-43. She then immediately informed the employee who helped load the car that Mr. Alcantar was hurt, but the employee simply shook his head and said, "I did what I could," before walking off. *Id.* at 31:18–22.

In the aftermath of the event, Ms. Alcantar tried to report the incident to various Costco representatives with little success. *See* Ms. Alcantar Dep. 37:8–17, ECF 80-44 (reporting the incident to Costco's corporate customer service and risk management department); *id.* at 37:15–20 (reporting the incident to the on-site Costco manager); *see also* Incident Report, ECF 80-46. Ultimately, the couple returned the grill to Costco three days after the incident, where it took "quite a few" employees to unload the product from the Alcantars' vehicle. *See* Mr. Alcantar Dep. 104:7–11, ECF 80-26.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment should be granted if the movant shows "there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

3

properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247–48. The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 655 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citation omitted); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568–69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

## III. DISCUSSION

### A. Negligence

Under Maryland law, a plaintiff asserting a negligence claim must demonstrate four elements: (1) duty; (2) breach; (3) injury; and (4) causation. *Horridge v. St. Mary's Cnty. Dep't of Soc. Servs.*, 854 A.2d 1232, 1238 (Md. 2004).[3] The court begins with the duty element. Storekeepers like Costco owe their business invitees a duty of ordinary care. *Giant Food, Inc. v. Mitchell*, 640 A.2d 1134, 1135 (Md. 1994). Mr. Alcantar falls within the definition of a business invitee, as the incident occurred on Costco's premises while he was loading his recently purchased Costco product. *See Rhaney v. Univ. of Md. E. Shore*, 880 A.2d 357, 367 (Md. 2005) ("Business invitees are visitors invited to enter the premises in connection with some business dealings with the possessor.").[4] So, Costco had a duty to protect Mr. Alcantar not only from unsafe conditions

---

[3] The Maryland Court of Appeals, the state's highest court, is now named the Supreme Court of Maryland ("Md.") and the intermediate Court of Special Appeals is now the Appellate Court of Maryland ("Md. App.").

[4] Mr. Alcantar advances an additional formulation of Costco's duty based on the company's internal policy of assisting customers with loading heavy items. *See* Pl. Opp'n at 10 ("Ultimately, it is Costco policy which creates this duty to Arnold."). Because Costco owed Mr. Alcantar a duty of reasonable care based on his status as a business invitee, the court need not resolve this

on its property but also from dangers caused by negligent acts of its employees or customers, if such acts were foreseeable. *See Mitchell*, 640 A.2d at 1135 (quoting *Eyerly v. Baker*, 178 A. 691, 694 (Md. 1935)).

One breaches the duty to exercise ordinary care by acting without the "caution, attention or skill a reasonable person would use under similar circumstances." *Walker v. Nat'l R.R. Passenger Corp.*, 703 F. Supp. 2d 495, 502 (D. Md. 2010) (citation omitted). Mr. Alcantar contends Costco breached its duty by (1) failing to provide properly trained employees to help load the grill; (2) failing to send enough employees to safely load the grill; and (3) providing Mr. Alcantar with a lone employee who failed to lift the grill at the same time as him.

Mr. Alcantar's first theory, which alleges that Costco failed to provide properly trained employees, does not sufficiently explain how Costco's policies and training deviate from the standard of ordinary care. At best, Mr. Alcantar merely summarizes Costco's policies and training procedures. *See* Pl. Opp'n at 5–7. But without tethering his concerns to any breach of duty, Mr. Alcantar's conclusory critiques cannot defeat summary judgment. *See Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 802 (4th Cir. 2023) ("[A] nonmovant cannot create a genuine dispute of material fact by relying on conclusory allegations or bare denials.") (cleaned up); *Educ. Testing Serv. v. Hildebrant*, 923 A.2d 34, 40 (Md. 2007) ("[M]ere general

---

additional argument. *See Rhaney v. Univ. of Md. E. Shore*, 880 A.2d 357, 367 (Md. 2005) ("Maryland tort law embraces the analytical premise that a person's status on the land at the time of the incident generally controls his or her legal status and the landowner's attendant duty."). That said, some authority appears to disagree with Mr. Alcantar's position. *See, e.g., Barnes v. Costco Wholesale Corp.*, Civ. No. JKB-18-3377, 2019 WL 4933070, at *4 (D. Md. Oct. 7, 2019) ("[A] violation of Costco's internal policies does not establish negligence."); *Doe v. Prudential Ins. Co. of Am.*, 860 F. Supp. 243, 252–53 (D. Md. 1993) (quoting *W. Md. Ry. Co. v. Griffis*, 253 A.2d 889, 895 (Md. 1969)) ("The Maryland Court of Appeals has 'long held that the custom and practice of a party, as distinguished from general custom and practice, is inadmissible since it is not helpful in a determination of what constitutes reasonable care.'").

allegations or conclusory assertions which do not show facts in detail and with precision will not suffice to overcome a motion for summary judgment.").

Mr. Alcantar's second theory of breach, which claims that Costco should have sent more employees to assist him, fails for the same reason. Nothing in the record suggests a duty to exercise ordinary care in this context required Costco to ensure more than two people loaded the grill in question. Mr. Alcantar relies on the mere fact of his injury to prove that he needed more employees to assist him. But that conflates the injury element of a negligence claim with the breach element. After all, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Mitchell*, 640 A.2d at 1135. So, to prevail on his second theory, Mr. Alcantar would need to show it was unreasonable for two adult men to lift an item as heavy as a 200-pound Traeger grill. Without such evidence, no triable issue exists as to Mr. Alcantar's second theory.

Mr. Alcantar's third theory, which asserts a Costco employee failed to lift the grill at the right time, withstands summary judgment. Unlike Mr. Alcantar's other theories, enough evidence exists for a jury to find that the employee's failure to lift the grill at the same time as Mr. Alcantar breached a duty of ordinary care. A reasonable person who aids another in lifting a heavy box would generally lift at the same time as the other individual. And when one provides a countdown, that same reasonable person would exercise "caution, attention or skill" in lifting at the right moment. *See Walker*, 703 F. Supp. 2d at 502. Costco's position merely suggests it is "just as likely the 'count of three' was not heard by the Costco employee who allegedly failed to lift the grill at that time." Def. Mot. at 8. But such an argument elides the procedural posture of summary judgment. The court cannot speculate about hypothetical scenarios to Costco's benefit; all reasonable inferences are drawn in Mr. Alcantar's favor at this stage. Mr. Alcantar testified that

he provided a countdown to make sure he and the employee lifted the box at the same time. Ms. Alcantar's testimony corroborates that view. It is reasonable to assume the employee, in the middle of a conversation with Mr. Alcantar, heard the countdown. Viewing the evidence in a light most favorable to Mr. Alcantar, a reasonable jury could conclude that the Costco employee failed to lift the grill at the same time as Mr. Alcantar. Whether this theory can prevail at trial remains to be seen; what matters here is that the issue turns on genuine disputes of fact that may not be resolved by summary judgment. *Hill v. Wilson*, 760 A.2d 294, 305 (Md. 2000) (explaining that even where the evidence of negligence is "slight," so long as there is "any evidence" that is "legally sufficient" to support the claim, the issue must be left to the jury).

Similarly, triable issues exist as to the injury and causation elements of Mr. Alcantar's claim. Mr. Alcantar explains that he heard a "pop" and felt immediate discomfort in his arm after lifting the grill. Ms. Alcantar noticed Mr. Alcantar was injured as soon as he finished loading the item. A medical professional evaluated Mr. Alcantar's injury later that day. He was diagnosed with a tear of the brachioradialis muscles and a strain of the flexor carpi radials. *See* Dr. Shepard Medical Evaluation at 1–2, ECF 80-3. A later MRI revealed that Mr. Alcantar suffered a full-thickness retracted left distal bicipital tendon tear. *Id.* at 2. This medical evidence, combined with the testimony regarding the employee's failure to lift the grill, supports a reasonable inference that the employee's breach caused the injury.

Costco argues that Mr. Alcantar's failure to tell anyone at the warehouse that he hurt himself when the incident occurred "casts doubt" over the entire occurrence. *See* Def. Mot. at 7. But this proposition is heavily disputed. Ms. Alcantar testified that she made several attempts to report the incident; not only did Ms. Alcantar immediately report her husband's injury to the employee who helped lift the grill, she also spoke to Costco managers at the store and even

conferred with representatives from Costco's corporate headquarters. Even if Costco's characterization was correct, it would not entirely insulate the company from liability. Whether one immediately reports an injury, while relevant, is not dispositive in determining whether an incident in fact occurred.

Costco next implies that Mr. Alcantar's failure to identify the employee at issue raises doubts as to whether the incident occurred. *See* Def. Mot. at 7. It is unclear whether this lack of identification is material at the summary judgment stage. After all, employers are vicariously liable for torts committed by their employees acting within the scope of their employment. *Women First OB/GYN Assocs., LLC v. Harris*, 161 A.3d 28, 34 (Md. 2017). Of course, Mr. Alcantar's inability to identify the relevant employee may undermine his credibility at trial.[5] But credibility determinations are ordinarily irrelevant at the summary judgment stage. *See Stanton v. Elliott*, 25 F.4th 227, 234 (4th Cir. 2022) (explaining that courts may not "weigh the evidence or make credibility calls" when evaluating a motion for summary judgment).

Viewing the evidence in a light most favorable to Mr. Alcantar, a reasonable jury could conclude that the Costco employee's failure to lift at the appropriate time caused Mr. Alcantar's injury. It is foreseeable that someone may be injured when unexpectedly forced to shoulder the

---

[5] The court notes that the Alcantars dispute Costco's characterization that the couple failed to identify the employee. While at the store to report the incident, Ms. Alcantar was asked to review Costco's employee photographs. Ms. Alcantar Dep. 39:10–16, ECF 80-48. She claims to have identified the employee who helped Mr. Alcantar load the grill. *Id.* at 40:7–9. A manager noted that specific employee did not typically work in the front-end of the store. *Id.* at 40:8–15. The Alcantars, who returned to the store two weeks later, came across a different manager. That manager apparently told the Alcantars that he had reviewed video footage of the incident and "saw it all on camera." Ms. Alcantar Dep. 41:17–18, ECF 80-49. He even told the Alcantars that Costco would "take care of [them]," and reassured them that they need not "worry about it." *Id.* at 41:19–20. Curiously, Costco's Rule 30(b)(6) deponent testified that no video surveillance of the accident existed. *See* Douglasson Dep. 95:9–13, ECF 80-50. At the very least, this competing testimony generates a dispute of fact.

entire weight of a heavy item. Mr. Alcantar's injury is corroborated by observations from his wife and a medical examination performed the same day of the incident. That evidence is enough to let a jury decide the issue. *Blackburn Ltd. P'ship v. Paul*, 90 A.3d 464, 479–80 (Md. 2014) (explaining that circumstantial evidence may be enough to defeat summary judgment as to causation element).

In sum, the court concludes that a reasonable jury could find Costco liable for its employee failing to lift the Traeger grill at the same time as Mr. Alcantar. So, the court will deny Costco's motion for summary judgment as to the "failure to lift simultaneously" theory. But Mr. Alcantar has failed to demonstrate a triable issue as to his theories related to (1) Costco's training and loading policies, and (2) Costco's failure to provide more than one employee to assist Mr. Alcantar with loading the grill. Accordingly, the court will grant Costco's motion for summary judgment as to those two theories of breach. *See* Fed. R. Civ. P. 56(a) (summary judgment may be granted on part of a claim or defense).

## B.  Affirmative Defenses

As an alternative to its argument that Mr. Alcantar cannot establish a negligence claim, Costco raises two affirmative defenses: contributory negligence and assumption of risk. The court will address each in turn.

### 1.  Contributory Negligence

Contributory negligence, as recognized in Maryland, acts as a complete bar to recovery when a plaintiff fails to "observe ordinary care for their own safety." *Berkenfeld v. Lenet*, 921 F.3d 148, 153 (4th Cir. 2019) (quoting *Balt. Gas & Elec. Co. v. Flippo*, 705 A.2d 1144, 1155 (Md. 1998)). Maryland courts recognize that completely barring recovery due to contributory negligence is "harsh justice," and thus apply "a very restrictive rule about taking cases from the jury in negligence actions." *Id.* at 153–54 (quoting *Hill*, 760 A.2d at 305). As a result, contributory

negligence is an issue for the jury unless there is "*no room for difference of opinion*" among reasonable minds that the plaintiff failed to exercise ordinary care. *Id.* at 154 (quoting *Balt. Gas & Elec. Co.*, 705 A.2d at 1155). In applying this standard, courts must adopt a "presumption that the plaintiff exercised ordinary care for his own safety," and recognize that "an error of judgment . . . alone does not make the act negligent if an ordinarily prudent person may have made the same error." *Id.* (first quoting *Hill*, 760 A.2d at 305; and then quoting *Faith v. Keefer*, 736 A.2d 422, 444 (Md. 1999)).

Costco contends that Mr. Alcantar was contributorily negligent because he decided to lift the grill despite his belief that he needed more than one person to help load such a heavy item. *See* Def. Mot. at 12. This argument has little salience as applied to Mr. Alcantar's remaining theory based on the Costco employee failing to lift the grill at the same time as Mr. Alcantar. Even if Mr. Alcantar knew he needed more people to load the grill, he did not expect that the lone employee helping him would fail to lift at the same time as him. When loading a heavy object with another individual, a reasonable person would expect their counterpart to start lifting at the agreed-upon moment. At the very least, there is "room for difference of opinion" as to whether an ordinarily prudent person would have braced themselves for the possibility of their co-lifter hesitating in the initial lift. *See Berkenfeld*, 921 F.3d at 154. This divergence of perspectives falls within the jury's purview, not that of the court. Consequently, Costco cannot obtain summary judgment on its contributory negligence defense.

### 2. Assumption of Risk

Along with its contributory negligence defense, Costco argues Mr. Alcantar assumed the risk of the injuries he sustained. A plaintiff assumes the risk of their actions when they intentionally and voluntarily expose themselves "to a known danger." *Poole v. Coakley & Williams Const., Inc.*,

31 A.3d 212, 223 (Md. 2011) (quoting *Crews v. Hollenbach*, 751 A.2d 481, 488 (Md. 2000)). A successful assumption of risk defense requires the defendant to show "the plaintiff: (1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *Id.* at 224 (quoting *ADM P'ship v. Martin*, 702 A.2d 730, 734 (Md. 1997)). Assumption of risk differs from contributory negligence in that assumption of risk is a *subjective* standard involving voluntary acceptance of a known danger, whereas contributory negligence is an *objective standard* involving deviation from a reasonable standard of care. *Id.* at 225. Like contributory negligence, assumption of risk is a complete bar to recovery that "is ordinarily left to the jury to resolve." *Id.* at 226. And like its contributory negligence defense, Costco's assumption of risk defense must also fail at this stage.

Costco argues Mr. Alcantar assumed the risk of injury because Mr. Alcantar knew the grill was particularly heavy and required more than one additional person to help lift it. Thus, Costco's assumption of risk defense fails for the same reasons as its contributory negligence defense: a reasonable jury could conclude Mr. Alcantar did not know or appreciate the risk that the Costco employee would simply fail to lift the grill at the same time as him. Costco argues that the danger of lifting heavy objects is a type of injury that any adult "must be taken to appreciate." *Poole*, 31 A.3d at 227 (citing W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 68, at 488 (5th ed. 1984)) (identifying some of these risks as "the danger of slipping on ice, of falling through unguarded openings, of lifting heavy objects . . . and doubtless many others"). However, Mr. Alcantar's injury derives not from the sheer weight of the grill, but rather from the unforeseen *distribution of weight* due to the employee's failure to lift synchronously. Nothing in the record suggests Mr. Alcantar knew or anticipated the employee's potential failure to perform his lifting duty at the appropriate moment; nor was the employee's likelihood of faltering patently obvious

or foreseeable to Mr. Alcantar. In fact, the employee represented that, in his experience, two people could lift the grill by themselves. *See* Ms. Alcantar Dep. 27:16–22. And a Costco manager even promised Mr. Alcantar that Costco would take care of any loading issues to ameliorate Mr. Alcantar's concerns. Mr. Alcantar Dep. 50:1–3. These statements downplayed Mr. Alcantar's initial hesitation to lift the grill.

In sum, the court may not decide Costco's assumption of risk defense as a matter of law. *Poole*, 31 A.3d at 229 (citing *Schroyer v. McNeal*, 592 A.2d 1119, 1123 (Md. 1991)) ("[T]he doctrine of assumption of risk will not be applied [as a matter of law] unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known to and *understood* by the plaintiff."). Accordingly, Costco is not entitled to summary judgment on its assumption of risk defense.

## IV. CONCLUSION

For the reasons stated here, Costco's motion for summary judgment will be granted in part and denied in part. A separate Order follows.


____5/24/2023_____                    _____/s/_____
Date                                      Catherine C. Blake
                                          United States District Judge