IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARNOLD ALCANTAR, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 20-cv-00664-LKG |
| COSTCO WHOLESALE ) CORPORATION, ) ) | Dated: July 23, 2024 |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION *IN LIMINE***

INTRODUCTION

    This civil action involves negligence claims brought by Plaintiff, Arnold Alcantar, against Defendant, Costco Wholesale Corporation ("Costco"), arising from injuries that he sustained at a Costco store located in Frederick, Maryland. *See generally* ECF No. 21. A jury trial is scheduled to commence in this matter on September 16, 2024. *See* ECF No. 96.

    In advance of trial, Plaintiff has filed a motion *in limine* seeking to exclude any evidence of collateral-source payments received, or to be received, by him, pursuant to Fed. R. Evid. 403 and Maryland law. ECF No. 98. The motion is fully briefed. *See* ECF Nos. 98, 100. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **GRANTS-in-PART** Plaintiff's motion *in limine*.

BACKGROUND

    This civil action involves negligence claims brought by Plaintiff Arnold Alcantar against Defendant Costco, arising from injuries that he sustained on April 29, 2018, while lifting a newly-purchased barbecue grill into his vehicle at a Costco store located in Frederick, Maryland. *See generally* ECF No. 21. Plaintiff alleges that he was seriously injured after a Costco employee failed to provide adequate assistance with lifting the grill into Plaintiff's vehicle. *Id.*

    Plaintiff also alleges that Costco breached its duty of care to take reasonable precautions against foreseeable dangers, by failing to provide him with proper assistance in loading the grill

1

into his vehicle. *Id*. at ¶¶ 32, 38. And so, Plaintiff seeks to recover monetary damages from Costco. *Id.* at 7.

## STANDARDS OF DECISION

### A. Motions In Limine

Motions *in limine* aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial. *See Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). And so, "[a] motion *in limine* to preclude evidence calls on the [C]ourt to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). In doing so, the Court has wide discretion in rulings governing trial, including whether to preclude or admit evidence or to prohibit comment, argument, or questioning. *See, e.g.*, *Herring v. New York*, 422 U.S. 853, 862 (1975) ("The presiding judge must be and is given great latitude in . . . ensur[ing] that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial . . . he must have broad discretion."); *see also United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court and is subject to reversal only if the court abuses that discretion.").

### B. Relevance

The party seeking to introduce evidence bears the burden of establishing relevancy. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990). Pursuant to Fed. R. Evid. 402, only relevant evidence is admissible at trial. *See* Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. And so, evidence is relevant only if it logically relates to matters that are at issue in the case. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

### C. The Maryland Collateral Source Rule

The State of Maryland's collateral source rule "permits an injured person to recover the full amount of his or her provable damages, 'regardless of the amount of compensation which the person has received for his injuries from sources unrelated to the tortfeasor.'" *Haischer v. CSX Transp., Inc.*, 381 Md. 119, 132 (2004) (quoting *Motor Vehicle Admin. v. Seidel*, 326 Md. 237, 253 (1992)). Maryland courts have explained that the public policy behind this rule is "two-fold: (1) 'the wrongdoer should not receive a windfall because the plaintiff received a benefit from an independent source,' and (2) 'to the extent the collateral benefit arises from insurance maintained by the plaintiff, the rule encourages the maintenance of insurance.'" *Conway v. Blue Ridge Rest. Grp., LLC*, 2022 WL 17488959, at *8 (Md. Ct. Spec. App. Dec. 7, 2022) (citing *Haischer*, 381 Md. at 132).

Pursuant to the collateral source rule, collateral source evidence is generally not admissible at trial. And so, Maryland courts have prohibited references to insurance payments in front of the jury, to avoid prejudice on the issue of damages. *Abrishamian v. Barbely*, 188 Md. App. 334, 346 (2009) (citations omitted).[1]

Maryland courts have held, however, that collateral source evidence may be admissible "if offered for a purpose other than to reduce the culpable party's payment of damages." *Conway*, 2022 WL 17488959, at *9. Given this, there is an exception to this rule with regards to evidence about a plaintiff's insurance coverage, if the plaintiff opens the door to collateral source evidence at trial by asserting a misleading level of poverty. *Abrishamian*, 188 Md. App. at 346 (citing *Haischer*, 381 Md. at 135). Another exception to the rule allows for evidence of collateral payments to be introduced at trial, "if there is evidence in the case of malingering or exaggeration of injury[.]" *Kelch v. Mass Transit Admin.*, 42 Md. App. 291, 296 (1979), *aff'd*, 287 Md. 223 (1980)(citations omitted); *see also Norfolk S. Ry. Corp. v. Tiller*, 179 Md. App. 318, 329 (2008) ("[*Kelch*] reaffirmed that evidence of benefits from a collateral source is not admissible to diminish damages even though it may sometimes be admissible to prove that the plaintiff is malingering or exaggerating the extent of the injuries.").

---

[1] The Fourth Circuit has held that "'compensation from a collateral source should be disregarded in assessing tort damages.'" *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 389 (4th Cir. 2010) (citing *United States v. Price*, 288 F.2d 448, 449–50 (4th Cir. 1961)).

3

ANALYSIS

In his motion *in limine*, Plaintiff seeks to exclude the introduction of evidence of any collateral source payments that he has received, or will receive, during trial. *See generally* ECF No. 98. Specifically, Plaintiff argues that this evidence should be excluded at trial, because: (1) collateral source evidence is "irrelevant, immaterial, has no probative value, would be highly prejudicial to [him], and would serve only to confuse the jury if introduced" and (2) collateral source evidence is not admissible under the Maryland collateral source rule. *Id.* at 1-2. And so, Plaintiff requests that the Court: (1) prohibit "the introduction of payments from collateral source benefits of any kind" during the trial in this matter and (2) that "any reference to health insurance benefits, coverage and/or payment with respect to the treatment sought and rendered in this matter" and "any claimed past economic damages, including but not limited to lost wages," be excluded at trial. *Id.* at 2-3.

Costco counters that an order excluding collateral source evidence at trial is not warranted at this stage of the case, because there are exceptions to Maryland's collateral source rule that might apply to this case and allow Costco to introduce such evidence at trial. *See generally* ECF No. 100. And so, Costco requests that the Court deny Plaintiff's motion *in limine*. *Id.* at 2.

For the reasons that follow, the Court **GRANTS-in-PART** Plaintiff's motion *in limine*.

**A. Evidence Of Insurance Payments To Plaintiff Is Generally Inadmissible**

The Court generally agrees with Plaintiff that collateral source evidence is not relevant to the issues to be resolved by the jury during the trial in this matter. During the trial, the jury will be tasked with determining whether Costco breached a duty of care owed to Plaintiff and, if so, whether Plaintiff is entitled to recover damages from Costco.

In this regard, it is well-established under Maryland law that any references to insurance coverage or to insurance payments made to Plaintiff would generally be prohibited at trial, to "avoid prejudice on the issue of damages." *Abrishamian*, 188 Md. App. at 346. And so, to the extent that such collateral source evidence is relevant to the issues for trial in this case, the probative value of this evidence is substantially outweighed by the prejudice to Plaintiff if such evidence is presented to the jury.

But, as Costco correctly observes, there are exceptions to the collateral source rule that would allow Costco to introduce collateral source evidence during the trial. For example, Costco argues with persuasion that it should be allowed to introduce collateral source evidence, if Plaintiff introduces evidence to mislead the jury about his level of poverty, or to "malinger" or exaggerate his injury in this case. ECF No. 100 at 1-2; *see also Abrishamian*, 188 Md. App. at 346 (citing *Haischer*, 381 Md. at 135); *Kelch v. Mass Transit Admin.*, 42 Md. App. 291, 296 (1979), *aff'd*, 287 Md. 223 (1980); *Norfolk S. Ry. Corp. v. Tiller*, 179 Md. App. 318, 329 (2008). And so, the Court will not preclude Costco from seeking to introduce collateral source evidence because it believes that an exception to the collateral source rule applies to this case.

## CONCLUSION

In light of the forgoing, the Court:

1. **GRANTS-in-PART** Plaintiff's motion *in limine* to exclude evidence and testimony regarding collateral source payments (ECF No. 98); and

2. **DIRECTS** the parties not to introduce any collateral source evidence at trial, including evidence regarding Plaintiff's health insurance benefits, coverage and/or payment with respect to the treatment sought and rendered in this matter, or Plaintiff's claimed past economic damages, unless and until an exception to the collateral source rule has been established and the introduction of such evidence has been authorized by the Court.

**IT IS SO ORDERED.**

        s/Lydia Kay Griggsby
        LYDIA KAY GRIGGSBY
        United States District Judge